## BECKNELL v. WOODLEY.    (No. 2512.)*

(Court of Civil Appeals of Texas. Texarkana. June 21, 1922. Rehearing Denied July 1, 1922.)

1. Adverse possession ⬤⟶98—Mistaken belief that claimant's deed covered tract of which he enclosed a part held not to defeat adverse possession.

Where a boundary tract of 20 acres was in dispute, and an owner of land on one side of such tract claimed the tract, which had an old and well-marked boundary line on the side opposite his land, and had cleared, improved, and cultivated about 1½ acres of the 20-acre tract, claiming the whole as being covered by his deed to such boundary line, and the true owner did not have actual possession of any of such tract, the first owner's possession, continued in a manner giving notice of his claim for over 10 years, gave him title by adverse possession, notwithstanding the fact that he asserted title under the mistaken belief that such boundary line claimed by him was the true boundary of the land described in his deed.

2. Adverse possession ⬤⟶117—Answer by jury to special issue as to adverse possession held not to imply want of peaceable possession of land in controversy.

In action between adjoining owners, involving title to boundary tract, in which it was undisputed that no suit had been filed by any one to recover any portion of the land until the controversy between them arose, and in which the court submitted to the jury the question, Was the defendant "in actual, peaceable, and adverse possession of the land in controversy, or any part of it, using, cultivating, or enjoying the same for 10 consecutive years before the institution of this suit?· If you answer this question 'Yes,' let your answer further state whether he was in adverse possession of the entire tract in dispute, or a part of it, and, if only a part of it, then state or designate the part"—answer of "Yes" to first part of question, and of "Adverse possession of the entire tract and peaceable, possession of the one and one-half acres under fence" in answer to other part of question, held not to imply a want of peaceable possession of the uninclosed land, the land in controversy.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by C. T. Becknell against H. H. Woodley. Judgment for defendant, and plaintiff appeals. Affirmed.

See, also, 214 S. W. 932.

Bibb & Caven, of Marshall, for appellant. Cary M. Abney and H. T. Lyttleton, both of Marshall, for appellee.

HODGES, J. Both the appellant and the appellee are owners of land situated in the John Findley survey in Harrison county. Appellant owns what is designated as the "Dismukes tract," while the appellee owns the "Holman tract," which adjoins the other on the north. This controversy grew out of a dispute over the location of the true boundary line separating the two tracts, and involves the title to approximately 20 acres. Becknell sued Woodley, and, among other things, the latter pleaded adverse possession for more than 10 years. On the plat used in the trial below two lines were indicated, marked "A" and "B" respectively. That claimed by Becknell as the true line is marked "A," and that claimed by Woodley as the true line is marked "B." Each party offered testimony tending to establish his claim. The jury found that the line marked "A," the one asserted by Becknell, was the true boundary. This finding forces the appellee to rely solely upon limitation for title. He offered evidence to show that many years ago he cleared, improved, and inclosed about 1½· acres over the disputed boundary, and that he had used and cultivated that land for more than 10 years. He also testified that he claimed the entire 20-acre tract lying between the two lines, including the 1½ acres, and had openly asserted title thereto for more than 10 years prior to the institution of any suit against him; that he cut timber from the uninclosed portion, and otherwise used the land in a manner sufficient to give notice of his assertion of title to the entire tract. No part of the tract owned by Becknell was occupied by him, nor had it been inclosed or occupied by any previous owner since the origin of the hostile claim by Woodley.

In addition to the issue as to the location of the true boundary, the court submitted the following:

"Question No. 2: Was the defendant, Woodley, in actual, peaceable, and adverse possession of the land in controversy, or any part

of it, using, cultivating, or enjoying the same, for 10 consecutive years before the institution of this suit? If you answer this question 'Yes,' let your answer further state whether he was in adverse possession of the entire tract in dispute, or a part of it, and, if only a part of it, then state or designate the part.

"Answer No. 2: (a) Yes. (b) Adverse possession of the entire tract and peaceable possession of the 1½ acres under fence.

"Question No. 3: If you answer question No. 2 'Yes,' then answer this question: Was the defendant, Woodley, in possession of or claiming the land in controversy or any part thereof under a mistake as to the location of the true boundary line between the Holman tract and the Dismukes tract? Answer 'Yes' or 'No.'

"Answer No. 3: Yes."

Upon those answers the court entered a judgment in favor of Woodley for the entire 20-acre tract, and Becknell appeals.

. [1] The assignments of error attack upon different grounds the sufficiency of the findings made by the jury to support the judgment rendered. One contention is that, the jury having found that Woodley asserted title under the mistaken belief that the line claimed by him was the true south boundary of the land described in his deed, that was sufficient, as a matter of law, to defeat his plea of limitation. That identical question was decided to the contrary on the former appeal in this case. See Woodley v. Becknell (Tex. Civ. App.) 214 S. W. 932. Testimony offered by the appellee tended to show that he had for many years openly and persistently claimed to the line B as indicated on the plat, and that this was an old and well-marked line. He also proved that the 1½ acres inclosed was not a part of his other inclosure, but was separate and apart from it. We see no reason for reversing the former holding upon that question.

[2] It is further contended that the answers to the second interrogatory are tantamount to a finding that the appellee was not in the "peaceable" possession of that portion of the disputed tract outside of his inclosure The phraseology of the jury's answer upon that issue is difficult to explain. It is the more so because it is not responsive to the question propounded. The latter part of interrogatory No. 2, which called for a distinct answer, tells the jury that—

"If the first question is answered in the affirmative, then state whether Woodley was in adverse possession of the entire tract in dispute, or a part of it, and, if (in adverse possession) of only a part of it, then state or designate the part."

That question was fully answered when the jury said:

"He was in adverse possession of the entire tract."

That which followed—"peaceable possession of the 1½' acres under fence"—was not called for by the interrogatory. It may therefore be treated as surplusage, unless it should be construed as negativing the peaceable possession of the uninclosed land. The statute defines "peaceable possession" as "such as is continuous, and not interrupted by adverse suit to recover the estate." The evidence is undisputed that no suit had ever been filed by any one to recover any portion of the land until this controversy arose. Hence that was no basis for the inference that possession to a part only had been peaceable. Since the wording of the answer made by the jury does not necessarily imply a want of peaceable possession of the uninclosed land, the court was not required to construe it as opposing the conceded facts.

The judgment will be affirmed.